JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Carolyn B. Friedland that denied Willis McNeal's postsentence motion to withdraw his guilty plea. McNeal claims it was error to deny his motion without a hearing, to deny his request for appointed counsel to help him with his motion, and to fail to include findings of fact and conclusions of law with the order of denial. We affirm.
 {¶ 2} On March 26, 1997, then twenty-one year old McNeal pleaded guilty to murder[1] with a firearm specification,[2] stemming from his participation with two other men in the May 30, 1996,[3] death of David White in Cleveland The plea agreement allowed McNeal to plead to a reduced charge of murder instead of aggravated murder, and the State nolled charges of aggravated robbery and aggravated burglary arising from the same incident. The judge accepted the plea and immediately sentenced him to three years in prison for the firearm specification, a consecutive term of fifteen years to life for the murder conviction, and a $15,000 fine.[4]
 {¶ 3} On December 7, 1998, McNeal filed, pro se, a motion to set aside his conviction under R.C. 2953.21 and to withdraw his guilty plea under Crim.R. 32.1. He did not include a memorandum of support, however, and instead moved for an additional sixty days in which to file a memorandum. On January 13, 1999, the judge denied both the motion and the request for an extension of time to file a memorandum. McNeal took no further action until May 8, 2000, when he requested leave to file a delayed appeal under App.R. 5(A). The motion was granted and, on May 1, 2001, his conviction was affirmed.[5]
 {¶ 4} On January 28, 2003, McNeal, again pro se, filed a motion to withdraw his guilty plea under Crim.R. 32.1. His motion and affidavit alleged he received ineffective assistance of counsel because his lawyer failed to discover and investigate his drug addiction and history of mental illness before advising him to plead guilty. He also requested that counsel be appointed, at the State's expense, to assist him in pursuing the motion to withdraw. The judge denied both motions without a hearing, and McNeal states four assignments of error, included in Appendix A.
 FAILURE TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW. {¶ 5} A postsentence motion to withdraw a guilty plea requires the defendant to show manifest injustice, and we review the judge's ruling on such a motion for abuse of discretion.[6] McNeal claims the judge erred in failing to issue findings of fact and conclusions of law in her order denying the motion. Such findings and conclusions assist an appellate court in reviewing the exercise of discretion, but are not required when ruling on a motion to withdraw a guilty plea. Although McNeal cites Crim.R. 12(E) in support of his claim, that rule applies only to pretrial motions, and the courts of this state have consistently rejected attempts to impose such a requirement on Crim.R. 32.1 motions.[7] Findings and conclusions are usually required by rule or statute, and no such authority is applicable here. We overrule the third assignment of error.
 APPOINTMENT OF COUNSEL {¶ 6} McNeal claims he was entitled to appointed counsel to aid in preparing his motion. There is no statutory right to counsel in Crim.R. 32.1 motions, so his claim must arise, if at all, from the Ohio or United States Constitutions. Even though the Ohio Supreme Court recently clarified that Crim.R. 32.1 motions are part of the original criminal action and are not collateral proceedings,[8] this fact alone does not mean that a defendant is entitled to counsel at State expense when filing a motion to withdraw a guilty plea nearly six years after conviction.
 {¶ 7} The United States Supreme Court has stated that the federal constitutional right to counsel extends only through trial and "the first appeal of right."[9] Ohio courts have not granted greater rights than those in the federal constitution, and have generally held that there is no absolute right to appointed counsel in pursuing a postsentence motion to withdraw a guilty plea.[10] However, some cases have suggested that counsel may be necessary if the judge determines that an evidentiary hearing is required,[11] and a judge who schedules an evidentiary hearing is at least required to notify the county public defender's office and allow it to decide whether to represent the defendant under R.C. 120.16(D).[12] Moreover, the judge retains the discretion to appoint counsel even if not constitutionally required.[13]
 {¶ 8} Because McNeal's motion was filed long after the expiration of his initial right to appeal, he was not automatically entitled to appointed counsel. If the judge properly found that McNeal's motion was insufficient to require an evidentiary hearing, then she was within her discretion in denying his request for appointed counsel. As discussed below, the motion was properly denied without a hearing and, therefore, counsel was not required. The second assignment is overruled.
 FAILURE TO HOLD HEARING OR GRANT MOTION WITHOUT A HEARING {¶ 9} McNeal's first and fourth assignments claim, respectively, that the judge erred in failing to hold a hearing before denying the motion and in failing to grant the motion outright. Because we find that the motion was properly denied without a hearing, the fourth assignment need not be separately addressed.
 {¶ 10} Among other definitions, "manifest injustice" has been described as "a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available * * *."[14] Furthermore, unexplained delay in filing the motion is a factor affecting the manifest injustice determination.[15] McNeal's affidavit claims ineffective assistance of counsel based on his lawyer's failure to investigate his drug addiction and history of mental illness. Although outside the original trial court record, both of these claims are based on evidence that was in existence at the time of the conviction and could have been raised in a timely petition for postconviction relief. Nearly six years passed between the time of the conviction and this motion, and McNeal has made no attempt to explain the delay in pursuing the current claims.
 {¶ 11} McNeal's allegations also lack substantive support. His claims of drug addiction and mental illness are not corroborated by independent witnesses, and he has provided no evidence beyond those allegations that his impairments were so serious that his lawyer should have investigated them before entering any plea agreement. Although the State acknowledges in its brief that the record contains evidence of McNeal's history of drug abuse, the evidence does not indicate the severity of his condition. McNeal contends that he was diagnosed with a psychological disorder, but failed to provide documentary evidence of that diagnosis or its details. Based upon the lack of support for the claims in his affidavit and the lengthy, unexplained delay in raising claims that were available at the time of his conviction, the judge did not abuse her discretion in denying his motion without a hearing. The first and fourth assignments are overruled.
 {¶ 12} The judgment is affirmed.
Judgment affirmed.
 ASSIGNMENTS OF ERROR "I. The trial court abused its discretion and/or erred by failing tohold an evidentiary hearing, in order to ensure a just determination inappellant's motion to withdraw guilty plea."
 "II. The trial court abused its discretion and/or erred by failing toappoint counsel to assist appellant in his petition to withdraw guiltyplea pursuant to Crim.R. 32.1, in violation of appellant's constitutionalrights to counsel at every stage of the proceedings."
 "III. The trial court abused its discretion and/or erred by failing tomake findings of facts and conclusions of law in support of denyingappellant's motion, pursuant to Crim.R. 12(e)."
 "IV. The trial court abused its discretion and/or erred by denyingappellant's motion to withdraw guilty plea and by failing to correct amanifest injustice."
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, J., concurs.
Michael J. Corrigan, P.J., concurs in Judgment Only.
[1] R.C. 2903.02.
[2] R.C. 2941.141.
[3] Although the offense was committed prior to the July 1, 1996, effective date of Ohio's major legislative sentencing reform, the ruling at issue is not appreciably affected by pre-1996 statutes.
[4] R.C. 2929.71, 2929.02(B).
[5] State v. McNeal (Apr. 5, 2001), Cuyahoga App. No. 77977.
[6] State v. Smith (1977), 49 Ohio St.2d 261, 3 O.O.3d 402,361 N.E.2d 1324, paragraphs one and two of the syllabus.
[7] State ex rel. Hagwood v. Jones (Apr. 24, 1997), Cuyahoga App. No. 72084; State v. Dewey (Dec. 4, 1998), Ashtabula App. No. 98-A-0027; Statev. Marshall (June 30, 1989), Wood App. No. WD-88-63.
[8] State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 13.
[9] Pennsylvania v. Finley (1987), 481 U.S. 551, 555, 107 S.Ct. 1990,95 L.Ed.2d 539.
[10] State v. Watts (1989), 57 Ohio App.3d 32, 33, 565 N.E.2d 1282; Crim.R. 44(A).
[11] State v. Perry (May 2, 1997), Trumbull App. No. 95-T-5315; Statev. Gibson, Trumbull App. No. 2001-T-0094, 2002-Ohio-3153, at ¶ 31.
[12] State v. Crowder (1991), 60 Ohio St.3d 151, 573 N.E.2d 652, paragraph two of the syllabus. Although Crowder concerned a petition under R.C. 2953.21, a Crim.R. 32.1 motion qualifies as a postconviction "remedy" or "other proceeding" under R.C. 120.16.
[13] R.C. 120.16(E), 120.26(E); State v. Castro (1979),67 Ohio App.2d 20, 22, 21 O.O.3d 338, 425 N.E.2d 907.
[14] State v. Wheeler, Montgomery App. No. 18717, 2002-Ohio-284, quoting State v. Hartzell (Aug. 20, 1999), Montgomery App. No. 17499.
[15] Bush at ¶ 14.