{¶ 18} The simple issue in this case is whether the court abused its discretion by finding that Creary failed to establish a manifest misjustice on his claim that he pleaded guilty on his assumption that the plea would negate potential deportation. The only "facts" produced in the motion were contained in Creary's affidavit — an affidavit that can charitably be described as "self-serving." And that affidavit only showed that counsel told Creary that if he went to trial he would be deported — it does not say that counsel affirmatively stated that a guilty plea would avoid deportation. The other very large fact looming over this case is that the court advised Creary during the plea colloquy that his guilty plea would have immigration consequences, including the possibility of deportation.
 {¶ 19} I do not believe that these facts rise to the level of a manifest misjustice; that is, the extraordinary case. The majority bases its finding of a manifest misjustice on what it believes is Creary's "credible" statement about the advice he received from his attorney. It is not our job to make credibility determinations in the first instance. Curiously, the majority concludes that Creary was "justified" in relying on his attorney's advice, even though it has to concede that Creary was making deductions from his attorney's statements and not relying on concrete representations of what the immigration service would do subsequent to his guilty plea.
 {¶ 20} In the end, the majority is forced to ignore Ohio precedent which says that an attorney has no duty to advise a client on the collateral consequences of a plea. Clearly, immigration decisions are collateral consequences of a guilty plea. The majority makes the curious statement that "an evolving sense of the lawyer's duty" to inform a client of the collateral consequences a guilty plea is developing, but cites to just one case for that proposition.
 {¶ 21} It is rock-solid law that the court may deny a post-sentence motion to withdraw a guilty plea without a hearing when the movant fails to make a sufficient showing. In State v.McNeal, Cuyahoga App. No. 82793, 2004-Ohio-50, the same panel hearing this case considered this precise issue and held that an offender making a post-sentence request to withdraw a guilty plea was not entitled to a hearing because, among other things, he did not corroborate his claims with "independent witnesses." If McNeal's affidavit was self-serving, I remain at a loss to understand why Creary's is not. I think it safe to say no manifest misjustice exists. That being the case, the court had no obligation to conduct a hearing on the motion to withdraw the plea.
 {¶ 22} Finally, the majority's statement that its decision today will not result in a flood of unsubstantiated postconviction petitions is disturbing in its naivete. If Creary's self-serving affidavit, made without any kind of corroboration by his trial attorney and in direct contradiction to statements put on the record at the time of plea, is deemed credible by the majority, one has to wonder how any affidavits could fail to satisfy the majority.
 {¶ 23} I respectfully dissent.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.