OPINION
{¶ 1} Jared Darden pled guilty in the Fairborn Municipal Court, Traffic Division, to driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), a first degree misdemeanor. Two additional charges were dismissed. The court sentenced Darden to 180 days in jail, 150 of which were suspended. Darden appeals from his conviction and sentence.
 {¶ 2} The offense report filed in the case reveals the following facts:
 {¶ 3} At approximately 2:30 a.m. on June 22, 2005, Ohio State Highway Patrol Trooper Williams witnessed Darden driving on Dayton-Yellow Springs Road. Darden was exceeding the speed limit and Williams observed him drive over the right line several times. After Darden entered a right turn lane but continued to drive straight with his right turn signal on, Williams activated his pursuit lights and stopped him. Williams could smell alcohol on Darden's breath and he appeared to be intoxicated. Darden admitted to having consumed alcohol at a bar and he indicated that his driver's license was under suspension. Williams asked him to perform a series of field sobriety tests. A license check revealed that Darden had a prior conviction for driving under the influence of alcohol on May 22, 2003. Darden was arrested for driving under the influence and was taken to the Fairborn police department. There, Darden refused to submit to a BAC Datamaster breathalyzer test.
 {¶ 4} Darden was charged with driving under the influence, marked lanes violations, and driving under suspension. On June 30, 2005, he entered a plea of not guilty. At the pre-trial conference on July 25, 2005, Darden apparently agreed to plead guilty to driving under the influence and the state agreed to dismiss the remaining two charges with costs to Darden. At a disposition and sentencing hearing on September 15, 2005, Darden pled guilty to driving under the influence. The court dismissed the driving under suspension charge and the marked lanes violation with costs to Darden. Darden was sentenced to 180 days in jail of which 150 were suspended.
 {¶ 5} Darden raises two assignments of error on appeal.
 {¶ 6} I. "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA WITHOUT COMPLYING WITH OHIO TRAFFIC R.10(D)."
 {¶ 7} In his first assignment of error, Darden claims that the trial court was not permitted to accept his guilty plea because it failed to substantially comply with the requirements of Traffic R.10.
 {¶ 8} The Ohio Traffic Rules, promulgated pursuant to R.C.2937.46, apply to "traffic cases," which are defined as "all proceedings involving violations of laws, ordinances and regulations governing the operation and use of vehicles." Traf.R. 2; State v. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419,788 N.E.2d 635, ¶ 10. Under Traf.R. 2, a "petty offense" is defined as "an offense for which the penalty prescribed by law includes confinement for six months or less." Because Darden was charged with violations of traffic ordinances, the Traffic Rules applied to his case. It is undisputed that Darden's charges were petty offenses.
 {¶ 9} Traf.R. 10 addresses pleas and a defendant's rights when pleading. See Watkins at ¶ 11. Under that rule, a defendant in a traffic case may plead not guilty, guilty, or, with the consent of the court, no contest. Pleas in misdemeanor cases involving petty offenses are governed by Traf.R. 10(D). Traf.R. 10(D) reads:
 {¶ 10} "In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 11} Traf.R. 10(B), which defines the effect of guilty or no contest pleas, states:
 {¶ 12} "With reference to the offense or offenses to which the plea is entered:
 {¶ 13} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 14} "(2) The plea of no contest is not an admission of the defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
 {¶ 15} "(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court shall proceed with sentencing under Criminal Rule 32."
 {¶ 16} In Watkins, the supreme court made clear that in order to meet Traf.R. 10(D)'s requirement of "informing the defendant of the effect of the plea," the court need only inform the defendant of the information contained in Traf.R. 10(B).Watkins, supra. The court recognized that "[a] judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged." It stated that, "in all cases, the judge must inform the defendant of the effect of his plea." (Emphasis added). In felony cases and misdemeanor cases involving serious offenses, a judge must also "addres[s] the defendant personally" and "determin[e] that the defendant is making the plea voluntarily." The court further stated that, for felony defendants, Crim.R. 11(C)(2)(c) adds the additional requirement that the judge inform the defendant of all the rights attendant to the trial that he is foregoing. Noting that there are no constitutionally-mandated informational requirements for defendants charged with misdemeanors, the Watkins court concluded that the protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses.
 {¶ 17} As recognized by the parties, the supreme court recently addressed the effect of the trial court's failure to advise a criminal defendant that a guilty plea is a complete admission of guilt, pursuant to Crim.R. 11(C)(2), (D), and (E).State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415,814 N.E.2d 51. The court stated:
 {¶ 18} "The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. The test for prejudice is `whether the plea would have otherwise been made.' Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood that a guilty plea is a complete admission of guilt. * * *
 {¶ 19} "[W]e hold that a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial."
 {¶ 20} Darden asserts that Griggs should not apply to his circumstances. He claims that the trial court made no effort to comply substantially with Traf.R. 10(D). Moreover, he argues that Traf.R. 10(D) requires that the court inform a defendant of the effect of each of the possible pleas — guilty, no contest, and not guilty — and that the trial court failed to state the effect of a plea of not guilty, including the right to a trial and all of its attendant rights.
 {¶ 21} We find Darden's arguments to be unpersuasive. As stated above, the supreme court explained in Watkins that compliance with Traf.R. 10(D) required only being informed of the information in Traf.R. 10(B). Traf.R. 10(B) does not contain information about the effect of a not guilty plea, and the supreme court has rejected the argument that a petty offense misdemeanor defendant is entitled to be informed of all the rights attendant to the trial that he is foregoing by pleading guilty or no contest. In addition, by stating that "in all cases, the judge must inform the defendant of the effect of his plea," the court's focus has been on ensuring that a defendant was aware of the effect of the plea that he was entering.
 {¶ 22} Although we agree that the better course is for the trial court to convey all of the information contained in Traf.R. 10(B), we find that Darden's plea was not invalid due to the trial court's failure to do so in this case. Darden was informed that the driving under the influence offense was his second offense within a six year period. The court told him of the minimum and maximum sentences to which he could be sentenced, of the potential fines, that he would have six points assessed against him by the Bureau of Motor Vehicles, and that he would be required to pay a reinstatement fee. With this information, Darden's counsel indicated that he would be pleading guilty and, upon questioning by the court, Darden also indicated that he was pleading guilty. Darden did not assert that he was innocent of the charges. Indeed, Darden's counsel stated that "[h]e made * * * a very bad mistake that evening in deciding that his friend was too drunk to drive. And his friend was much more intoxicated. * * * [S]o he, Mr. Darden, made the unfortunate decision to drive himself." We find no evidence in the record that the court's failure to explain his plea caused him to enter a guilty plea that would not have otherwise been made. Accordingly, we presume that Darden understood that he has completely admitted his guilt and that Darden was not prejudiced by the trial court's action.
 {¶ 23} The first assignment of error is overruled.
 {¶ 24} II. "THE TRIAL COURT ERRED IN ITS DETERMINATION OF THE MANDATORY MINIMUM SENTENCE."
 {¶ 25} In his second assignment of error, Darden asserts that the trial court incorrectly determined that the mandatory minimum sentence was twenty days when, in fact, it was ten days. Darden indicates that he was charged with and pled guilty to a violation of R.C. 4511.19(A)(1) as a second offense and that, pursuant to R.C. 4511.19(G)(1)(b)(i), the mandatory minimum jail time should have been ten days. The court determined, however, that because Darden had refused a chemical test, the mandatory minimum was raised to twenty days. Darden states that the twenty day mandatory minimum sentence applies only to violations of R.C.4511.19(A)(1)(f), (g), (h), or (I), which were not at issue, or to violations of R.C. 4511.19(A)(2), with which he was not charged.
 {¶ 26} In response, the state acknowledges that the trial court "may have incorrectly determined that the minimum mandatory jail time was twenty days." However, it asserts that the trial court's effective sentence of thirty days in jail was appropriate based on the factors presented. See R.C. 2929.22. The state notes that Darden's conviction was for a second conviction for driving under the influence and that he had previously been through a separate diversion program in Miami County. The state further notes that Darden had not obtained an alcohol assessment, although he stated that he had "pretty much" stopped drinking. Noting that Darden did not object to the court's statement that the mandatory minimum sentence was twenty days, the state asserts that we must apply a plain error standard of review and that Darden's sentence does not rise to the level of plain error.
 {¶ 27} As an initial matter, we note that the trial court apparently treated Darden's refusal to take a chemical test as a sentencing enhancement, making the driving under the influence charge a "high-end" offense. This approach is incorrect. R.C.4511.19(A)(1)(a) prohibits the operation of any vehicle while under the influence of alcohol, a drug of abuse, or a combination of them. Under the most recent version of R.C. 4511.19, a person's refusal to take a chemical test after being arrested for driving under the influence when that person has previously been convicted of driving under the influence (within the previous 20 years) constitutes a violation of R.C. 4511.19(A)(2), a separate offense.
 {¶ 28} As separate offenses, violations of R.C. 4511.19(A)(1) and R.C. 4511.19(A)(2) have separate sentencing provisions. For individuals who within six years of the present offense had previously been convicted of one violation of R.C. 4511.19(A) or (B), sentencing is governed by R.C. 4511.19(G)(b). If the sentence being imposed is for a violation of R.C.4511.19(A)(1)(a), as was Darden's case, R.C. 4511.19(G)(b)(i) sets a mandatory minimum jail term of ten consecutive days. For a violation of R.C. 4511.19(A)(2), R.C. 4511.19(G)(b)(ii) provides a mandatory minimum sentence of twenty consecutive days in jail. Both R.C. 4511.19(G)(b)(i) and (ii) allow the court to impose a jail term not to exceed six months.
 {¶ 29} In the present case, Darden had a prior driving under the influence conviction within the past six years and, on the instant charge for driving under the influence, he had refused to take the chemical test upon his arrest. It appears undisputed that Darden could have been charged with a violation of R.C.4511.19(A)(2). As stated in the record, however, Darden was charged with "OVI — Underlimit or refusal (2nd). 4511.19A1." Although that charge indicates that there were grounds for charging Darden under R.C. 4511.19(A)(2), he was charged under R.C. 4511.19(A)(1). Accordingly, Darden's sentence was governed by R.C. 4511.19(G)(b)(i), which has a mandatory minimum sentence of ten consecutive days.
 {¶ 30} As stated, supra, the state asserts that Darden's sentence does not rise to the level of plain error, despite the trial court's apparent misstatement of the mandatory minimum sentence. We disagree that Darden was required to establish plain error. Darden, by counsel, argued unsuccessfully before entering his plea that the test refusal should not be used as a sentence enhancer. A further objection to the sentence was not necessary to preserve the error.
 {¶ 31} In sentencing Darden to thirty days in jail, the court indicated that it was taking into consideration that Darden did not have a valid driver's license and that he drove home from a club. The court also stated that it was intentionally giving Darden more than the mandatory minimum sentence. Although the court's sentence was clearly permissible, it is unclear whether the trial court intended to give thirty days in jail or ten days beyond the minimum sentence, which it believed to be twenty days. Because the trial court's misunderstanding of the relevant mandatory minimum sentence could have resulted in a longer sentence than the trial court wished to impose, we conclude that this matter should be remanded to the trial court for resentencing.
 {¶ 32} The second assignment of error is sustained.
 {¶ 33} The judgment of conviction will be affirmed, and the matter will be remanded for resentencing.
Grady, P.J. and Walters, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).