OPINION
{¶ 1} Donald Veneroni appeals from his conviction in the Miami County Municipal Court of operating a motor vehicle while under the influence of alcohol. Veneroni entered a guilty plea on April 28, 2006, to the charge after a driving while under suspension charge was dismissed at the request of the State. The trial court sentenced Veneroni to ninety (90) days in jail, with eighty-four (84) days suspended, and a $1,000.00 fine.
 {¶ 2} Veneroni moved to vacate his plea on May 5, 2006, and in an accompanying affidavit he stated he was innocent of the charges, that he never went to court and signed anything, that his attorney told him to plead guilty, that he did not think he was adequately represented, that he did not understand his rights, and he was not in the "right frame of mind" and suffered a seizure on the night before his court date. The trial court denied his motion without a hearing on May 9, 2006.
 {¶ 3} In a single assignment of error, Veneroni argues that the trial court committed prejudicial error in failing to conduct a hearing on his motion. Crim.R. 32.1 provides that the trial court may permit a defendant to withdraw his guilty plea after sentence to correct a manifest injustice. The Supreme Court has held there is no specific requirement to hold a hearing when the defendant seeks to withdraw his guilty plea after sentencing. State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, 820 N.E.2d 355. In Francis, the defendant sought to withdraw her plea nine years after she entered it when she learned her conviction would prevent her from becoming a United States citizen. Id. at ¶ 2-3. Justice Resnick noted the following in reversing the trial court's denial of Francis' motion to withdraw her plea:
 {¶ 4} "There is no specific requirement to hold a hearing in this situation. However, it sometimes is difficult for an appellate court to review a trial court's ruling on a motion to withdraw a plea to determine whether an abuse of discretion occurred when no hearing was held.
 {¶ 5} "In State v. Xie, 62 Ohio St.3d 521, 584 N.E.2d 715, at paragraph one of the syllabus, this court acknowledged the importance of a hearing to aid in developing a record that could be examined by a reviewing court to determine whether a trial court properly exercised its discretion in ruling on a motion to withdraw a plea. Xie stands for the proposition that, unless it is clear that denial of the motion is warranted, a trial court should hold a hearing. See, also,Garmendia, supra, Montgomery App. No. 2002-CA-18, 2003-Ohio-3769,2003 WL 21658528, at ¶ 12, which mentions the importance of a trial-court hearing on an R.C. 2943.031(D) motion to establish whether the defendant has met the statutory factors, including that the defendant has shown that he or she is not a citizen of the United States and that there may be immigration-related consequences from the conviction resulting from the plea. In some situations when a hearing should have been held, a trial court's failure to have held a hearing amounts to an abuse of discretion. We find this case to be one in which a hearing should have been held.
 {¶ 6} "Furthermore, the trial court's failure to specify any reasons in its journal entry denying the motion severely hampers any consideration of whether an abuse of discretion occurred. There is no specific requirement that the trial court issue findings of fact and conclusions of law. See State v. McNeal, Cuyahoga App. No. 82793,2004-Ohio-50, 2004 WL 35762, ¶ 5 (`Findings and conclusions are usually required by rule or statute, and no such authority is applicable here'). However, the failure to explain the reasoning places significant obstacles in the way of meaningful appellate review when, as here, so many variables are potentially relevant to a trial court's consideration." Id. at ¶ 50-53.
 {¶ 7} The State did not file a brief in this matter but in response to an order to show cause why the court should not proceed without his brief, prosecuting attorney, David Caldwell, informed us that Veneroni's plea and sentencing were conducted in the trial court judge's chambers and that there is no transcript of the proceedings. Also, the trial court did not indicate in its sentencing entry that it had complied with Crim.R. 11 in obtaining Veneroni's plea and that it was satisfied that his plea was knowingly, intelligently, and voluntarily entered into with full knowledge of its consequences.
 {¶ 8} Veneroni contends he never went to court, never signed anything, did not understand his rights, and he did not think he was adequately represented. The trial court may not have abused its discretion in denying Veneroni's motion. However, the trial court's failure to explain why it denied the motion and its failure to provide Veneroni a hearing makes it impossible to review the trial court's determination in this matter. The trial court thus erred in failing to provide Veneroni a hearing on his motion. The assignment of error is Sustained. The judgment of the trial court is Reversed and Remanded for further proceedings.
Grady and Donovan, JJ., concur.