OPINION
{¶ 1} Christopher M. Clark appeals from the judgment of the Municipal Court of Fairborn, Ohio, adopting the Magistrate's Decision from February 12, 2007. At that time, Clark pled guilty to operating a motor vehicle while under the influence of *Page 2 
alcohol, in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor. Two additional charges were dismissed.
 {¶ 2} Clark filed a timely objection to the Magistrate's Decision, in conjunction with a motion to withdraw his guilty plea. In an attached memorandum, Clark argued that the State improperly charged him with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(2), which provides:
 {¶ 3} "No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, division (A)(1) or (B) of this section, or a municipal OVI offense shall do both of the following:
 {¶ 4} "(a) Operate any vehicle * * * within this state while under the influence of alcohol, a drug of abuse, or a combination of them;
 {¶ 5} "(b) Subsequent to being arrested for operating the vehicle * * *, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section 4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests."
 {¶ 6} According to Clark, he had no prior OVI conviction, nor had he refused to take a sobriety test at any time in the past. Instead, Clark asserted that the State coercively used the false violation of R.C.4511.19(A)(2) as leverage in forcing him to plead guilty to OVI, R.C.4511.19(A)(1).[1] Consequently, Clark argued that his plea of *Page 3 
guilty should be vacated because it was not knowing, voluntary and intelligent. Alternatively, Clark requested that the trial court set the matter for a hearing on his motion.
 {¶ 7} On March 12, 2007, the court overruled Clark's objections to the Magistrate's Decision and denied his Motion to Withdraw his Guilty Plea without a hearing. Clark has filed a timely appeal from this judgment, assigning the following errors for our review:
 I. "THE TRIAL COURT ERRED IN FAILING TO ALLOW THE DEFENDANT TO WITHDRAW HIS PLEA."
 II. "THE TRIAL COURT ERRED IN SUMMARILY OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION."
 III. "THE TRIAL COURT ERRED IN THAT DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 8} Upon review, we find that the trial court erred in denying Clark's Motion to Withdraw his Guilty Plea before conducting a hearing to determine whether the State properly charged him with a violation of R.C. 4511.19(A)(2). Therefore, the judgment of the trial court will be reversed, and the cause will be remanded for further proceedings consistent with this opinion.
 I. *Page 4 {¶ 9} In order to facilitate the disposition of this matter, we will address Appellant's first and second assignments of error simultaneously. Under these assignments of error, Clark contends that the trial court erred in overruling his objections to the Magistrate's Decision and denying his Motion to Withdraw his Guilty Plea. Specifically, Clark challenges the court's refusal to conduct a hearing on his Motion to Withdraw his Guilty Plea, in which he alleges that the State had no basis to charge him with a violation of R.C. 4511.19(A)(2). According to Clark, he had no prior convictions of operating a motor vehicle while under the influence of alcohol, and he had never refused a breath test in the past. The record, however, contains no evidence demonstrating these claims. Furthermore, Clark asserts that the magistrate failed to inform him of his constitutional rights during the plea and that he would lose his CDL (Commercial Driver's License) driving privileges. These omissions, Clark argues, contributed toward a plea that was not knowing, voluntary and intelligent.
 {¶ 10} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 11} While this rule makes it clear that a "manifest injustice" standard applies when a defendant moves to withdraw his or her plea following sentencing, the Supreme Court of Ohio has established that a "freely allowed" standard is proper to address presentence motions. SeeState v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (finding that a presentence motion to withdraw a guilty plea should *Page 5 
be freely and liberally granted). Pursuant to the latter standard, a hearing may be necessary to develop the record in such a way that permits a reviewing court to determine whether a trial court properly exercised its discretion in ruling on a motion to withdraw a plea.State v. Francis, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, at ¶ 51. Thus, "Xie stands for the proposition that, unless it is clear that denial of the motion is warranted, a trial court should hold a hearing." Id. See, also, State v. Veneroni, Miami App. No. 06-CA-23,2007-Ohio-444, at ¶ 5-8.
 {¶ 12} Based on the record before us, we conclude that the trial court erred in refusing to hold a hearing on Clark's motion to withdraw his plea. In its brief, the State erroneously argues that Clark failed to prove that the trial court's denial of his motion rose to the level of manifest injustice. As we stated above, this standard is reserved for a post-sentence motion to withdraw a plea. Here, Clark filed his motion in response to the Magistrate's Decision on February 12, 2007. Crim.R. 19(C)(1)(c)(ii) authorizes magistrates sitting in misdemeanor cases to "determine guilt or innocence, receive statements in explanation and in mitigation of sentence, and recommend a penalty to be imposed."
(Emphasis added.) However, actual imposition of a recommended sentence must come from the trial court upon the court's adopting, modifying or rejecting the magistrate's decision pursuant to Crim.R. 19(D)(4). SeeState v. Gilreath, 174 Ohio App.3d 327, 2007-Ohio-6899, 882 N.E.2d 22, at ¶ 30. The record does not indicate that the trial court ruled upon the Magistrate's Decision prior to Clark filing his Motion to Withdraw his Guilty Plea. Therefore, we find the motion to be presentence and subject to the freely allowed standard. *Page 6 
 {¶ 13} Next, we find that it was not clear from Clark's motion that denial was warranted without a hearing. At the core of his argument, Clark denies that he had a prior OVI or refusal to take a sobriety test. Consequently, he claims that he felt compelled to plead guilty to violating R.C. 4511.19(A)(1) and serve three days at a Weekend Intervention Program plus two years of supervised community control. Alternatively, a charge under R.C. 4511.19(A)(2) would have subjected him to a mandatory minimum jail term of 20 days. The trial court dismissed this contention in its denial of Clark's Motion to Withdraw his Guilty Plea, finding that there was sufficient evidence to convict him of operating a motor vehicle while under the influence of alcohol, R.C. 4511.19(A)(1). The court further reasoned:
 {¶ 14} "Defendant was represented by counsel during proceedings, [sic] he would have known at that time that he had no prior convictions or test refusal. Defendant has failed to indicate that he has a defense to the charge set out and facts that would cause the Court to believe the conviction would create a manifest injustice." (Judgment Entry at 1.)
 {¶ 15} Like the State, the trial court in this matter improperly examined Clark's motion under the standard of manifest injustice. More appropriately, the court first should have conducted a hearing to determine whether Clark's allegation amounted to a reasonable and legitimate basis for the withdrawal of his plea. See Xie,62 Ohio St.3d at 527. Simply because Clark pled guilty to violating R.C. 4511.19(A)(1) does not, in this Court's opinion, indicate that his plea was not prejudiced by the potential of being charged under R.C. 4511.19(A)(2). Rather, if Clark's claim that he has no prior conviction or refusal is true, the government used an unfounded charge to *Page 7 
induce his guilty plea. In such a situation, it is reasonable that the defendant would plead guilty to the "lesser" of the charges rather than risk being found guilty of the unfounded charge, where fear of what evidence the government might possess effectively induces the plea. Ultimately, we find that Clark has the right to develop the record below by presenting evidence which demonstrates he did not have a prior OVI charge or prior refusal. See Veneroni, 2007-Ohio-444, at ¶ 8. The government, in response, is duty bound to prove that a prior conviction or refusal exists; otherwise, overcharging to induce a plea would be grounds for granting the defendant's Motion to Withdraw his Guilty Plea.
 {¶ 16} Accordingly, we sustain Clark's first and second assignments of error on the basis that the trial court erred in not conducting a hearing before denying his Motion to Withdraw his Guilty Plea.
 {¶ 17} Additionally, we note that Clark's contentions that the trial court erred in failing to inform him of his constitutional rights and the loss of his CDL privileges were not raised before the trial court. Therefore, we agree with the State that these issues are not properly before us. See State v. Gordon (1971), 28 Ohio St.2d 45, 57 O.O.2d 180,276 N.E.2d 243, paragraph two of the syllabus. Nevertheless, a reviewing court may recognize an error as plain error under Crim.R. 52(B) if, but for the error, the outcome of the trial clearly would have been different. State v. Long (1978), 53 Ohio St.2d 91, 97, 7 O.O.3d 178,372 N.E.2d 804. "The normal rule is that an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass. The plain error rule should be applied with caution and should be invoked only to *Page 8 
avoid a clear miscarriage of justice. To exercise the right freely would undermine and impair the administration of justice and detract from the advantages derived from orderly rules of procedure.'" Id. at 95-96, quoting Gendron v. United States (C.A.8, 1961), 295 F.2d 897, 902.
 {¶ 18} Upon review, we do not find plain error in the matter at hand. Traf.R. 10(D) addresses a defendant's rights when pleading in misdemeanor cases involving petty offenses.[2] See State v.Darden, Greene App. No. 2005 CA 109, 2006-Ohio-2908, at ¶ 9. Traf.R. 10(D) reads:
 {¶ 19} "In misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."
 {¶ 20} Traf.R. 10(B), which defines the effect of guilty or no contest pleas, states:
 {¶ 21} "With reference to the offense or offenses to which the plea is entered:
 {¶ 22} "(1) The plea of guilty is a complete admission of the defendant's guilt.
 {¶ 23} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
 {¶ 24} "(3) When a plea of guilty or no contest is accepted pursuant to this *Page 9 
rule, the court shall proceed with sentencing under Criminal Rule 32."
 {¶ 25} The Supreme Court of Ohio has clarified that a trial court need only advise a defendant of the information contained in Traf.R. 10(B) to satisfy Traf.R. 10(D)'s requirement of "informing the defendant of the effect of the plea." Darden, 2006-Ohio-2908, at ¶ 16, citing State v.Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, at ¶ 28. Furthermore, the court has stated that "`[t]he right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and subject to review under a substantial compliance standard.'" Id. at ¶ 18, quoting State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415,814 N.E.2d 51, at ¶ 12. Applying the standard of substantial compliance, this Court has found a trial court's failure to convey all of the information in Traf.R. 10(B) not to be prejudicial, where the defendant entered a guilty plea without asserting actual innocence. See id. at ¶ 19-22. See, also, Griggs, 2004-Ohio-4415, at ¶ 19 (in the context of Crim.R. 11, holding that a defendant who enters a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt).
 {¶ 26} Here, the magistrate informed Clark of the maximum and mandatory minimum sentences that he could face, in addition to potential fines, time served in an intervention program, at least a six-month license suspension, and six points assessed to his driving record. The magistrate further asked Clark if he understood that he was waiving his right to a trial or if anyone was forcing him to change his plea. In response, Clark pled guilty, making no assertion that he was innocent of the charges. In light of our decision in Darden, we presume that Clark understood he had admitted his guilt. Thus, we find that Clark was not prejudiced by the *Page 11 
magistrate's action during the plea hearing.
 {¶ 27} Insofar as we have found that the trial court erred in denying Clark's Motion to Withdraw his Guilty plea without a hearing, the first and second assignments of error are sustained. The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
 II. {¶ 28} In his third assignment of error, Clark argues that his trial counsel was ineffective for failing to file a timely notice of appearance and a timely motion to suppress, and for failing to investigate whether Clark actually had a prior OVI conviction that would support the charge under R.C. 4511.19(A)(2). Similar to above, the defendant did not raise an ineffective assistance of counsel claim in support of his motion to withdraw in the trial court. Rather, he premised his motion on the trial court's failure to conduct a hearing in order to determine the veracity of the State's allegation of a prior OVI conviction. As we stated before, "[i]t is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed."State v. Ikharo, Franklin App. No. 05AP-167, 2005-Ohio-6616, at ¶ 12, quoting State v. Schneider (Dec. 13, 1995), Greene App. No. 95-CA-18,1995 WL 737910. Moreover, because Clark did not raise the issue of ineffective assistance of counsel in the trial court, he did not create a sufficient record of evidence that would permit this Court to review his claim. Accordingly, Clark's third assignment of error is overruled. *Page 11 
 {¶ 29} Having sustained Appellant's first and second assignments of error on the limited basis that the trial court erred in denying his Motion to Withdraw his Guilty Plea without a hearing, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
DONOVAN, J., and VALEN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, (sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
[1] Clark also alleges that the Fairborn Municipal Court has a policy under which it offers first time OVI offenders a reduction in the charge to reckless operation. By pleading guilty, Clark implies that he was denied this reduction. Such policy, however, is not demonstrated by the record.
[2] Traf.R. 2(D) defines "petty offense" as "an offense for which the penalty prescribed by law includes confinement for six months or less." The parties do not dispute that Clark's charge under R.C. 4511.19(A)(1) is a petty offense. *Page 1