THE STATE OF OHIO, APPELLEE, *v.* WATTS, APPELLANT.

(No. L-89-067—Decided April 12, 1989.)

*Anthony G. Pizza,* prosecuting attorney, and *Tracy Sniderhan,* for appellee.

*Samuel Watts, pro se.*

HANDWORK, P.J. Appellant, Samuel Watts, was convicted on March 2, 1984, after pleading guilty to charges of violating R.C. 2911.01, aggravated robbery. On March 15, 1984, appellant was sentenced to incarceration for eight to twenty-five years and ordered to pay the costs of prosecution. Subsequent to sentencing, appellant has filed numerous motions regarding his case, the most recent being a motion to withdraw his guilty plea. This motion was denied by the trial court on February 15, 1989, and appellant has sought an appeal from this judgment. In connection with this appeal, appellant has filed the following three motions with this court: (1) motion for appointment of counsel, (2) motion to remand, and (3) motion to reduce criminal offense and to modify sentence.

The motion for appointment of counsel at state expense is found not well-taken, and is hereby denied. An indigent defendant has the right to appointed counsel at every stage of the criminal proceedings through an appeal as of right. Sixth Amendment to the United States Constitution; Section 10, Article I, Ohio Constitution; and Crim. R. 44. However, there is no constitutional or statutory right to appointed counsel regarding collateral attacks or discretionary appeals. *Ross* v. *Moffitt* (1974), 417 U.S. 600. In the case *sub judice,* appellant is appealing from the denial of a motion to withdraw his guilty plea, not the conviction and sentencing judgment. Thus, we conclude that appellant has no right to appointed counsel in this instance, nor do the circumstances warrant such appointment.

Appellant's motion to remand and motion to reduce criminal offense and to modify sentence are also found not well-taken, and are hereby denied. Appellant seeks an order from this court remanding this case to the trial court to order the trial court to hold an evidentiary hearing on his motion to withdraw his guilty plea. Furthermore, appellant seeks to have us reverse the lower court's judgment denying appellant's motion to withdraw his guilty plea and enter his sentence. In essence, appellant seeks to have us decide this case on his motions since the issues raised are the substance of this appeal. We will not do so prematurely. These issues will be decided in due course.

It is so ordered.

*Motions denied.*

CONNORS and ABOOD, JJ., concur.