DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Patrick C. Meadows, acting pro se, appeals the judgments of the Lucas County Court of Common Pleas denying his motion to withdraw his guilty plea and denying his motion requesting appointment of counsel. For the following reasons, we affirm.
 {¶ 2} On October 29, 1998, appellant pled guilty to violations of his recognizance bond, an unclassified felony, and burglary, a felony of the third degree. Upon acceptance of his plea and his conviction, the trial court sentenced him to five years incarceration for each felony. The sentences were imposed consecutively, for a total term of ten years incarceration. On appeal, we affirmed the judgment of conviction. State v.Meadows (Dec. 17, 1999), 6th Dist. Nos. L-98-1424, L-98-1425.
 {¶ 3} On June 30, 2004, the trial court denied a motion for reduction of his prison term and judicial release. Thereafter, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, and a separate motion requesting appointed counsel. By separate judgment entries, the trial court denied both motions, and appellant timely appealed.
 {¶ 4} Appellant raises one assignment of error:
 {¶ 5} "The trial court abused its discretion when it denied apellant [sic] the appointment of counsel."
 {¶ 6} While a trial court is to freely and liberally grant a motion to withdraw a plea that is filed prior to sentencing,State v. Xie (1992), 62 Ohio St.3d 521, 526, a trial court may only grant a motion to withdraw a plea after sentence in order to correct "manifest injustice." Crim.R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 7} In denying appellant's motion for counsel, the trial court stated that the "case law is clear that a defendant does not have a right to appointed counsel in a postconviction proceeding," citing State v. Carter (2001), 93 Ohio St.3d 581,582; State v. Williams (2003), 99 Ohio St.3d 179; and State v.Moore (2001), 93 Ohio St.3d 649. Citing State v. Bush (2002),96 Ohio St.3d 235, appellant notes that a motion to withdraw a guilty plea is distinct from a petition for postconviction relief. In this, appellant is correct. The trial court did, however, conduct an analysis as to whether "manifest injustice" existed as required by Crim.R. 32.1.
 {¶ 8} Extrapolating from Bush, appellant also argues that since his motion cannot be classified as postconviction relief, he is entitled to appointed counsel. In response, appellee asserts that Bush did not address whether criminal defendants are entitled to appointed counsel for the purpose of motions to withdraw a guilty plea. Further, appellee argues, the right to appointed counsel only extends through a criminal trial and the first appeal as of right. In support, appellee cites State v.McNeal, 8th Dist. No. 82793, 2004-Ohio-50, appeal not accepted for review by 102 Ohio St.3d 1483. In McNeal, a criminal defendant requested appointed counsel to assist with his motion to withdraw his guilty plea, filed six years after his judgment of conviction. Examining Bush, the court held that a trial judge acts within her discretion when denying appointed counsel where the Crim.R. 32.1 motion is filed "long after the expiration" of an initial appeal of right. It reasoned:
 {¶ 9} "There is no statutory right to counsel in Crim.R. 32.1 motions, so [the defendant-appellant's] claim must arise, if at all, from the Ohio or United States Constitutions. Even though the Ohio Supreme Court recently clarified that Crim.R. 32.1 motions are part of the original criminal action and are not collateral proceedings, this fact alone does not mean that a defendant is entitled to counsel at State expense when filing a motion to withdraw a guilty plea nearly six years after conviction.
 {¶ 10} "The United States Supreme Court has stated that the federal constitutional right to counsel extends only through trial and `the first appeal of right.' Ohio courts have not granted greater rights than those in the federal constitution, and have generally held that there is no absolute right to appointed counsel in pursuing a postsentence motion to withdraw a guilty plea. However, some cases have suggested that counsel may be necessary if the judge determines that an evidentiary hearing is required, and a judge who schedules an evidentiary hearing is at least required to notify the county public defender's office and allow it to decide whether to represent the defendant under R.C. 120.16(D). Moreover, the judge retains the discretion to appoint counsel even if not constitutionally required." Id., ¶ 6-7, citing, inter alia, State v. Watts (1989),57 Ohio App.3d 32 (finding defendant not entitled to appellate counsel on appeal of trial court's denial of post-sentence motion to withdraw a guilty plea).
 {¶ 11} We have held that a criminal defendant is entitled to appointed counsel to represent him at a hearing on a motion to withdraw a plea, where the motion was made prior to sentencing, because appellant was entitled to counsel "through each critical stage of the proceeding." State v. Dellinger, 6th Dist. No. H-02-007, 2002-Ohio-4652, ¶ 12, citing Crim.R. 44 and State v.Pruitt (1984), 18 Ohio App.3d 50, 57. Here, however, appellant filed his motion to withdraw his plea six years after his conviction and sentence, as in McNeal. We found substantial bases for reversing the denial of counsel in Dellinger because the prosecution would not have been unfairly prejudiced by the pre-sentence motion, the defendant had consistently expressed dissatisfaction with his counsel, and the timing of the motion was reasonable. The instant matter does not present these relevant factors; instead, we find that the trial court engaged in the proper analysis of appellant's motion, and since it required no hearing, the trial court's decision to deny appellant's request for counsel was not an abuse of its discretion.
 {¶ 12} With respect to the judgment entry denying his motion to withdraw his plea, appellant has neither filed an assignment of error challenging that judgment as required by App.R. 16 and App.R. 12, nor set forth any argument with respect to that judgment. Accordingly, we decline to address the matter.
 {¶ 13} The judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Skow, J. Judge., concur.