[Cite as *State v. Smith*, 2019-Ohio-1339.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OH OHIO | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. | |
| | : | Hon. Earle E. Wise, Jr., J. | |
| -vs- | : | | |
| | : | | |
| ERIC SMITH | : | Case No. 18 CAA 03 0020 | |
| | : | | |
| Defendant-Appellant | : | O P I N I O N | |

CHARACTER OF PROCEEDING:   Appeal from the Court of Common
Pleas, Case No. 15-CR-I-04-0144

JUDGMENT:         Affirmed

DATE OF JUDGMENT:     April 8, 2019

APPEARANCES:

For Plaintiff-Appellee

KIMBERLY E. BURROUGHS
140 North Sandusky Street
Deleware, OH 43015

For Defendant-Appellant

ERIC SMITH, PRO SE
Inmate #718-949
North Central Correctional Complex
P.O. Box 1812
Marion, OH 43302

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Eric Smith, appeals the February 5, 2018 judgment entry of the Court of Common Pleas of Delaware County, Ohio, denying his motion for leave to file a motion for new trial.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On April 3, 2015, the Delaware County Grand Jury indicted appellant on one count of aggravated burglary in violation of R.C. 2911.11, one count of kidnapping in violation of R.C. 2905.01, two counts of aggravated robbery in violation of R.C. 2911.01, and one count of felonious assault in violation of R.C. 2903.11, all with a firearm specification, a repeat violent offender specification, and a forfeiture specification.  The indictment also included four counts of having weapons under disability in violation of R.C. 2923.13 and one count of receiving stolen property in violation of R.C. 2913.51.[1]

{¶ 3}  A jury trial commenced on July 28, 2015.  The jury found appellant guilty of the charges.  By judgment entry filed September 16, 2015, the trial court sentenced appellant to an aggregate term of forty years in prison.  Appellant's convictions and sentence were affirmed on appeal.  *State v. Smith,* 5th Dist. Delaware No. 15CAA0077, 2016-Ohio-7566.

{¶ 4}  On December 15, 2017, appellant filed a motion for leave to file a motion for new trial based on newly discovered evidence.  The evidence in question is a medical report of the injuries sustained by the victim.  Appellant caused the report to be generated nearly two years after his trial.  A hearing was held on January 22, 2018.  By judgment

---

[1]Two of the weapons counts and the receiving stolen property count were not tried to the jury.

entry filed February 5, 2018, the trial court denied the motion, finding appellant failed to present clear and convincing evidence that he was unavoidably prevented from discovering his "new evidence" that might warrant the filing of a motion for new trial pursuant to Crim.R. 33.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "THE TRIAL COURT VIOLATED THE APPELLANT'S SIX AMENDMENT RIGHTS TO COUNSEL WHEN IT FAILED TO PROVIDE COUNSEL AT THE JANUARY 22, 2018 EVIDENTIARY HEARING TO WHICH VIOLATED HIS RIGHTS TO DUE PROCESS."

II

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR LEAVE TO FILE FOR A NEW TRIAL PURSUANT TO CRIMINAL RULE 33(B) AS THE APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERY OF THE NEW EVIDENCE."

III

{¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RULED ON THE MERITS OF THE APPELLANT'S MOTION FOR LEAVE TO FILE FOR A NEW TRIAL AFTER MAKING A FINDING THAT HE WAS NOT UNAVOIDABLY PREVENTED TO WHICH VIOLATED HIS RIGHTS TO DUE PROCESS."

I

{¶ 9}   In his first assignment of error, appellant claims the trial court erred in failing to provide him with counsel at the hearing on his motion for leave to file a motion for new trial.  We disagree.

{¶ 10} Appellant filed his motion for leave pro se.  At no time did appellant make a request for counsel to assist him.

{¶ 11} Further, in *Pennsylvania v. Finely,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the Supreme Court of the United States held:

We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, see *Johnson v. Avery,* 393 U.S. 483, 488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969), and we decline to so hold today.  Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.  Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.  We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori,* he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.  (Citations omitted.)

{¶ 12} Appellant's motion was a collateral attack of his conviction.  As such, the trial court was not required to provide counsel to appellant at the hearing on his motion for leave to file a motion for new trial.

{¶ 13} Upon review, we find the trial court did not err in not providing appellant with counsel at the hearing.

{¶ 14} Assignment of Error I is denied.

## II, III

{¶ 15} In his second and third assignments of error, appellant claims the trial court abused its discretion in finding he was not unavoidably prevented from discovery of his new evidence and in denying his motion for leave. We disagree.

{¶ 16} In his motion to the trial court for leave to file a motion for new trial, appellant argued he had newly discovered evidence, to wit, a medical report of the injuries sustained by the victim. Appellant argued the report would refute the extent of the victim's injuries "and show the truthfulness in what truly occurred. And that truth is that defendant Smith is innocent." Appellant caused the report to be generated nearly two years after his trial. Appellant claimed he lacked the necessary funds to pay for a medical expert.

{¶ 17} Crim.R. 33 governs new trial. Subsections (A)(6) and (B) and state the following:

> **(A) Grounds.** A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing

on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**(B) Motion for New Trial; Form, Time.** * * * Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶ 18} Appellant was sentenced on September 16, 2015. Because appellant was well outside the one hundred twenty day period, he filed a motion for leave to file a motion for new trial on December 15, 2017. To obtain such leave, appellant was required to show by clear and convincing proof that he was unavoidably prevented from discovering the evidence within the one hundred twenty days. *State v. Lordi*, 149 Ohio App.3d 627, 2002-Ohio-5517, 778 N.E.2d 605. "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the

motion for a new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. Walden,* 19 Ohio App.3d 141, 483 N.E.2d 859 (1984). Clear and convincing proof is that proof "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 19} In its February 5, 2018 judgment entry denying appellant's motion, the trial court stated the following:

On the second page of his December 15, 2017 request to pursue a new-trial claim, the defendant focuses on his "surprise" during his trial about "the explicitness of victim David McCourt's injuries." He argues that since his trial, he "has been relentlessly trying to obtain the funds to hire a medical expert" to challenge the evidence that the prosecution presented to the jury at the trial. He now has those funds and has found that expert, he contends, and he seeks an opportunity to present that new expert's testimony at a retrial.

I fail to see how the evidence that the defendant wishes to offer can properly be described as new. Even if the defendant at his trial was surprised by the testimony about his victim's injuries, the trial was his opportunity to challenge that evidence. He could have asked for a recess during the trial and could have requested public funds so that he could hire an expert then to challenge the prosecution's evidence. He failed to do so.

And certainly he had the full opportunity at the trial to cross-examine the victim and other witnesses about the extent of the victim's injuries.

\* \* \*

This is not a case in which the defendant alleges that he has now discovered some potentially exculpatory evidence that the prosecution withheld from him during his trial. Instead, he simply claims that he would like a new chance to rebut with some additional evidence of his own the evidence that he and the jury heard during the trial. Yet, with reasonable diligence before or during his trial, he could have discovered and could have presented the evidence that he now labels as "new." That kind of evidence cannot rightly be described as evidence that he was "unavoidably prevented" from discovering before now.

{¶ 20} The trial court further found the "expert witness report" appellant submitted with his motion is dated June 28, 2017, yet appellant waited until December 15, 2017, to file his motion for leave. The trial court found this delay "is not reasonable." The trial court concluded: "the defendant has not presented clear and convincing proof that he was unavoidably prevented from discovering the kind of new evidence that might warrant the filing of a new-trial motion 2½ years after his trial."

{¶ 21} We concur with the trial court's well-reasoned analysis. Two years after the trial, appellant seeks to refute the victim's injuries, claiming he lacked the necessary funds to hire a medical expert. However, during the trial, appellant could have requested public funds to hire an expert, but did not do so. He also had the opportunity to cross-examine

the victim and others about the extent of the victim's injuries.  Furthermore, appellant did not file his motion for leave until over five months after receiving the report.

{¶ 22} Upon review, we find the trial court did not err in finding appellant was not unavoidably prevented from discovery of his "new evidence" and in denying appellant's motion for leave.

{¶ 23} Assignments of Error II and III are denied.

{¶ 24} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/db 327