[Cite as *State v. Hutsenpiller*, 2023-Ohio-1540.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-T-0087 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| TERRY J. HUTSENPILLER, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00139 |

**O P I N I O N**

Decided:  May 8, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1}   Appellant, Terry J. Hutsenpiller, appeals the judgment of the Trumbull County Court of Common Pleas, denying his post-sentence motion to withdraw his guilty plea without a hearing.  For the reasons discussed herein, we affirm the trial court's judgment.

{¶2}   In April 2022, appellant was indicted on two counts of rape, in violation of R.C. 2907.02(A)(2), felonies of the first degree. He pleaded "not guilty" to both counts, but eventually entered a plea of "guilty" to an amended indictment on one count of rape,

in violation of R.C. 2907.02(A)(2). Prior to accepting the plea, the trial court engaged appellant in a complete Crim.R. 11 colloquy. During the dialogue, appellant also confirmed he was satisfied with his counsel's representation. Appellant waived a pre-sentence investigation and the trial court sentenced appellant to a jointly recommended indefinite term of three to four and one-half years imprisonment.

{¶3} On August 5, 2022, appellant, through his public defender, filed a post-sentence motion to withdraw his guilty plea. Counsel represented that appellant's reasoning for seeking to withdraw the plea "involve arguments which would present a conflict of interest with counsel." Appellant's public defender accordingly moved the court to appoint new counsel to fully brief and argue appellant's argument. The motion made no substantive argument asserting appellant's plea was a result of a manifest injustice.

{¶4} On August 7, 2022, the trial court filed its judgment entry denying the motion. The court emphasized that appellant entered into a guilty plea, received a jointly recommended sentence, and stated on record he was satisfied with his attorney's performance. The court accordingly determined that appellant failed to elicit any operative facts to support the motion or require a hearing. Appellant now appeals assigning two errors. He first asserts:

{¶5} "The trial court erred and abused its discretion by denying appellant's motion to withdraw his plea."

{¶6} Crim. R. 32.1, captioned "Withdrawal of guilty plea," reads, in its entirety, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Accordingly,

2

"[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

{¶7} A "manifest injustice" is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 14. The term "has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Id.*, quoting *Smith* at 264.

{¶8} Appellant contends that because his counsel asserted a conflict, he was at least entitled to a hearing on the motion to determine whether new counsel should have been appointed. We do not agree.

{¶9} Appellant cites no authority for the proposition that he was entitled to appointment of new counsel *even if* his trial counsel had a conflict which might compromise his representation for purposes of a post-sentence motion. Ohio courts, as well as the United States Supreme Court, have determined that counsel is not required in a post-sentence motion to withdraw a guilty plea. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (A criminal defendant's constitutional right to the appointment of counsel "extends to the first appeal of right, and no further."); *see also State v. Perry*, 11th Dist. Trumbull No. 95-T-5351, 1997 WL 269202, *5 (May 2, 1997), citing *State v. Potter*, 5th Dist. Stark No. 1995CA00027, 1995 WL 76807, *2 (Nov. 20, 1995); *State v. Reyes*, 2d Dist. Clark No. 2017-CA-34, 2018-Ohio-1426, ¶ 10; *State v. Watts*, 57 Ohio App.3d 32, 33, 565 N.E.2d 1282 (6th Dist.1989); *State v. McNeal*, 8th

3

Dist. Cuyahoga No. 82793, 2004-Ohio-50, ¶ 8; *State v. Rock*, 11th Dist. Lake No. 2018-L-037, 2019-Ohio-1416, ¶ 4.

{¶10} We recognize this court has suggested that counsel may be necessary if a judge determines that an evidentiary hearing is required. *See Perry* at *7; *State v. Gibson*, 11th Dist. Trumbull No. 2001-T-0094, 2002-Ohio-3153, ¶ 31. And, moreover, a judge retains the discretion to appoint counsel even if not constitutionally required. *State v. Castro*, 67 Ohio App.2d 20, 22, 425 N.E.2d 907 (8th Dist.1979). Still, the assertions in a defendant's motion and any affidavit must be sufficient to warrant such a hearing. *Gibson* at ¶ 31, citing *Perry*.

{¶11} Here, the motion failed to set forth any argumentation that appellant suffered a manifest injustice. And, although appellant takes issue with the trial court's denial of his motion without a hearing, the trial court's analysis and our review of the record fundamentally illustrates there was no manifest injustice in the court's acceptance of his guilty plea. To wit: A full and comprehensive Crim.R. 11 plea colloquy occurred; appellant confirmed he was satisfied with his attorney's performance; and appellant was sentenced to a jointly-recommended term of imprisonment – a term, three to four and one-half years, that is lenient in relationship to the statutory maximum for a first-degree felony, i.e., three to 11 actual years. In the case sub judice, we conclude that the trial court did not abuse its discretion in its determination that a hearing was unnecessary and, as such, it was not required to consider whether discretionary appointment of counsel was warranted.

{¶12} Appellant's first assignment of error lacks merit.

{¶13} Appellant's second assignment of error provides:

4

{¶14} "Appellant received ineffective assistance of trial counsel in violation of his constitutional rights in that regard."

{¶15} Similar to his first assignment of error, appellant fails to produce any authority for his claim that he received ineffective assistance of trial counsel. He merely opines that trial counsel should have provided the trial court with a sufficient factual basis to establish the purported conflict of interest. We do not agree.

{¶16} To establish a claim of ineffective assistance of counsel a party must demonstrate counsel's performance was deficient and he or she suffered prejudice. *See generally Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, counsel cannot be considered deficient for not disclosing matters that he reasonably believed created a conflict of interest. Moreover, as outlined above, it would be difficult, if not impossible, to glean any prejudice appellant suffered from entering the plea and electing not to go to trial on the indictment. These conclusions are based upon the record before this court.

{¶17} That said, the motion at issue relies upon matters that purport to raise an arguable conflict with his trial counsel. It would accordingly appear the foundation for the motion must be based on evidence dehors the record. Such arguments are better suited for and likely within the exclusive province of a petition for postconviction relief.

{¶18} Where the allegation of ineffective assistance of counsel is based on facts dehors the record, the appropriate remedy is a proceeding for postconviction relief. *See, e.g., State v. Robinson*, 11th Dist. Lake No. 98-L-164, 2000 WL 1121806, *2 (Aug.4, 2000); *see also State v. Gibson*, 69 Ohio App.2d 91, 95, 430 N.E.2d 954 (8th Dist.1980). We emphasize that the doctrine of res judicata precludes a party from raising, in a petition

5

for postconviction relief, a claim of ineffective assistance of counsel that could have been raised in a direct appeal. *State v. Burgess*, 11th Dist. Lake No. 2003-L-069, 2004-Ohio-4395, ¶ 11. Still, the presentation of competent, relevant, and material evidence dehors the record defeats the application of res judicata in a petition for postconviction relief. *Id.*

{¶19} Nevertheless, based upon the record before this court, appellant cannot establish ineffective assistance of counsel.

{¶20} Appellant's second assignment of error lacks merit.

{¶21} In summary, appellant did not allege a manifest injustice to support his post-sentence motion to withdraw his guilty plea. He, accordingly, failed to demonstrate a manifest injustice. Finally, appellant, on this record, failed to establish either deficient performance or prejudice resulting therefrom. And, it bears emphasis that, given the record before the court, it is unclear how appellant *could* show prejudice because he received the minimum sentence.

{¶22} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2022-T-0087