[Cite as *State v. Hosler*, 2024-Ohio-5372.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,
CITY OF WILLOUGHBY,

               Plaintiff-Appellee,

      - vs -

ROBERT MURPHY HOSLER,

               Defendant-Appellant.

CASE NO. 2024-L-041

Criminal Appeal from the
Willoughby Municipal Court

Trial Court No. 2023 TRC 04405

**O P I N I O N**

Decided: November 12, 2024
Judgment: Affirmed

*Richard J. Perez*, One Public Square, Willoughby, OH 44094 (For Plaintiff-Appellee).

*Gregory S. Costabile*, 1400 Fifth Third Center, 600 Superior Avenue, East, Cleveland, OH 44114 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Robert M. Hosler, appeals the denial of his Motion to Suppress Evidence in the Willoughby Municipal Court. For the following reasons, we affirm the decision of the lower court.

{¶2} On August 18, 2023, Hosler was cited for OVI in violation of R.C. 4511.19(A)(1)(a) and Failure to Control / Driving in Weaving Course in violation of Willoughby Cod.Ord. 432.37.

{¶3} On September 15, 2023, Hosler filed a Motion to Suppress Evidence.

{¶4}   A hearing on the Motion to Suppress was held on April 29, 2024.  Patrolman Jonathan Mehm testified on behalf of the State.  He testified that, on August 18, 2023, he was stopped at a traffic light at the intersection of Shankland Avenue and Euclid Avenue, two cars behind Hosler's vehicle.  Hosler attracted Mehm's attention when he did not immediately proceed after the light turned green.  When Hosler did proceed, turning left (westbound) onto Euclid Avenue, he struck the curb on the north side of Euclid Avenue.  Thereafter, Hosler continued "weaving towards the righthand side of the roadway." "Believing that Mr. Hosler [was] going to run off the roadway and crash," Mehm initiated a traffic stop.

{¶5}   The municipal court denied the Motion at the conclusion of the hearing, making the following findings from the bench:

> Well, based on the testimony of the officer, there was sufficient testimony here that the police officer, Officer Mehm, is a certified peace officer in the State of Ohio.  He possesses the requisite training to issue traffic citations.  And he testified that he was on patrol on the 18th of August of '23, about 5:21 p.m., marked cruiser, wearing his uniform, on patrol in the City of Willoughby.  And he testified to his observations of the traffic violations.
>
> Now, there was testimony this is a dashcam.  The dashcam, by its nature, is stationary on the vehicle; it's not going to capture everything that's happening in a panoramic view.  So, he indicates that he was, his attention was brought to the vehicle when he was delayed in making the lefthand turn over from Shankland onto Euclid Avenue.  So, he's brought to the attention of the vehicle, sees the vehicle hit the curb, and based on that, he decides that he is going to initiate a traffic stop.
>
> He says there was, he testified that the vehicle recorrected itself, continued westbound, and based on the violation, that he stopped the vehicle.  He testified that he activated his lights.  He had passed two cars, at least to conduct the traffic stop, and the vehicle was not stopping with just the lights on.  Then he had to initiate sirens going down Euclid Avenue, and [t]he vehicle still did not stop.  The vehicle, in the dashcam, while he's [Hosler] in the righthand lane, he

2

actually engages his lefthand turn signal for a period of time; then that is disengaged, and then he engages the righthand turn signal to make the right down towards the shopping area. And then the vehicle was stopped.

{¶6} On May 13, 2024, Hosler entered a plea of no contest to OVI and the Failure to Control charge was dismissed.

{¶7} On June 12, 2024, Hosler filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The trial court committed reversible error by denying appellant's motion to suppress evidence."

{¶8} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.* "[A]n appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently [i.e., de novo] determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶9} It is not disputed that Hosler's vehicle striking the curb provided Officer Mehm with reasonable suspicion necessary to effect an investigatory stop. *State v. Hancock*, 2005-Ohio-4478, ¶ 14 (11th Dist.) ("[s]triking a curb is an instance of erratic driving that can justify an investigative stop"). Rather, Hosler's position is that the evidence does not support the municipal court's finding that Mehm actually saw Hosler's vehicle strike the curb. In support of the contention that Mehm's hearing testimony was not credible, Hosler notes that the dashcam video did not show Hosler striking the curb while turning; the written police report states that Hosler "struck the curb multiple times

3

and was weaving" but is silent about the delay in initiating the turn; and Mehm accused Hosler at the time of the stop of weaving in and out of traffic.

{¶10} The arguments raised by Hosler do not so undermine the credibility of Officer Mehm's hearing testimony that we may overturn the municipal court's finding that there was a factual predicate for the stop. The dashcam video does not depict Hosler's vehicle striking the curb while turning but, as noted by the court, the video does not depict Hosler making the turn at all. The dashcam faces forward and Mehm's cruiser was two vehicles behind Hosler's vehicle. Hosler had completed the turn before the cruiser was aimed in the same direction. Nonetheless, there is nothing to suggest that Mehm would not have been able to see Hosler make the turn. The police report was not written by Mehm but by another officer assisting in the traffic stop. While Hosler did not weave in and out of his lane of traffic, the dashcam does depict Hosler drifting in his own lane and striking the curb a second time (albeit after Mehm has activated the overhead lights and initiated the stop). As there is competent, credible evidence that Mehm witnessed Hosler strike the curb during the turn onto Euclid Avenue, we must accept the court's determination of the fact as true.

{¶11} The sole assignment of error is without merit.

{¶12} For the foregoing reasons, the denial of Hosler's Motion to Suppress Evidence is affirmed. Costs to be taxed against the appellant.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

4

Case No. 2024-L-041