[Cite as *State v. Skally*, 2025-Ohio-761.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| KAMERON D. SKALLY, | : | Case No. 2024 CA 00089 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County
Court of Common Pleas, Case No.
2018-CR-00830

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      March 6, 2025

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JENNY WELLS                       KAMERON SKALLY, Pro Se
Prosecuting Attorney                 Inmate #769180
Licking County, Ohio                 Mansfield Correctional Institution
                                          P.O. Box 788
By: KENNETH W. OSWALT         Mansfield, Ohio 44901
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

*Baldwin, P.J.*

## STATEMENT OF THE FACTS AND THE CASE

**{¶1}** On November 8, 2018, a detective from the Newark Police Department filed a Criminal Complaint/Arrest Warrant against the appellant. The Statement of Facts attached to the detective's Complaint set forth the following:

On November 7, 2018, officers with the Newark Police Department responded to 147 S. Westmoor Ave., Apt. A, Newark, Licking County, Ohio, for a report of shots fired and a possible suicide. Upon arriving, the officers found the victim, dead, laying in bed, with a gunshot wound to the left side of her neck, and an AR-15 assault rifle lying on the left side of her. A supposed "suicide note" had been sent via text to the victim's mother a few minutes prior to the Defendant calling 911. The Defendant was interviewed and ultimately admitted that he had sent the "suicide note" via text to the victim's mother, then shot & killed the victim, & then called 911 to report a suicide.

**{¶2}** The appellant was arrested, and on or about November 8, 2018, appeared before a magistrate and requested appointed counsel. The trial court appointed counsel for the appellant on November 13, 2018.

**{¶3}** On November 15, 2018, the appellant was indicted on the following charges: Count One, Aggravated Murder in violation of R.C. 2903.01(A), an unclassified felony; Count Two, Murder in violation of R.C. 2903.02(A), an unclassified felony; Count Three, Tampering with Evidence in violation of R.C. 2021.12(A)(2), a felony of the third degree; and, a firearm specification in violation of 2941.145(A) in connection with Counts

One and Two. On November 16, 2018, the appellant waived arraignment and pleaded not guilty. The appellant's trial counsel filed a request for discovery and various pretrial motions, including but not limited to a motion for evaluation of the appellant's competence. The trial court granted the motions, including the request for a competency evaluation. A February 10, 2019, evaluation reported that the appellant was "capable of understanding the nature and objective of legal proceedings against him and is capable of assisting counsel in his own defense." On March 1, 2019, the trial court issued a Judgment Entry in which it found that the appellant was competent to stand trial and scheduled the matter for jury trial.

{¶4}   On April 18, 2019, the appellant filed a Motion for Leave to Enter a Plea of Not Guilty by Reason of Insanity, which the trial court granted the same day. On May 14, 2019, the trial court issued a Judgment Entry in which it found that the issue of the appellant's sanity had been raised, and therefore ordered that the appellant submit to an evaluation by a forensic psychiatrist. The evaluation occurred, and a June 11, 2019, report found that there was "insufficient evidence to support that the [appellant] did not know the wrongfulness of the acts with which he is charged."  A second evaluation of the appellant's sanity was requested, which was approved by the trial court.

{¶5}   The parties subsequently entered into a plea agreement in which the appellant agreed to plead guilty to Counts One and Three of the indictment, as well as the firearm specification, and the appellee agreed to dismiss Count Two of the indictment. On December 17, 2019, the appellant filed a Notice of Intent to Enter Plea of Guilty pursuant to a plea agreement, and the matter was scheduled for a Change of Plea and Sentencing Hearing on January 28, 2020. On January 22, 2020, the appellant filed a

Defendant's Sentencing Memorandum in which he provided information regarding his background as well as information related to the application of factors for sentencing, including a number of letters written on the appellant's behalf, and requested that the trial court impose a prison sentence of twenty-three years to life.

{¶6} The Change of Plea and Sentencing Hearing proceeded on January 28, 2020. The trial court accepted the appellant's plea of guilty to Counts One and Three, and the firearm specification, and granted the appellee's Motion to Dismiss Count Two. The parties were permitted to present evidence regarding sentencing; the appellant sought a sentence of twenty-three (23) years to life, and the appellee sought a sentence of twenty-eight (28) years to life. The trial court issued a Nunc Pro Tunc - Judgment of Conviction and Sentence on January 29, 2020, in which it set forth the fact that it personally addressed the appellant and advised him of his rights pursuant to Crim.R. 11, and found that the appellant made a knowing, voluntary, and intelligent decision to withdraw his not guilty plea and enter a plea of guilty to the aforesaid counts. The court accepted the appellant's pleas of guilty, and sentenced him to twenty-five (25) years to life on Count One and three (3) years on Count Three, to be served concurrently, and three (3) years on the Firearm Specification charge, to be served consecutively, for a total aggregate sentence of twenty-eight (28) years to life, with credit for time served. No direct appeal was taken from this decision.

{¶7} On March 24, 2023, the appellant filed a Notice of Appeal "from the judgment entry of conviction, entered in this court on the 9th day of March, 2023," as well as a Motion for Leave to File Delayed Appeal with this Court in which he argued that he was not aware that he had a right to appeal since he "took a plea deal." On April 18, 2023,

this Court issued a Judgment Entry denying the appellant's request for leave to file delayed appeal because he had failed to attach a copy of the entry he sought to appeal, and noting that the lower court case did not contain an entry dated March 9, 2023.

{¶8} On June 28, 2023, the appellant filed with this Court [1] numerous documents, including a Notice of Delayed Appeal, and a Motion for Leave to Appeal in which he argued that his appeal was delayed because he was incarcerated and did not have access to the law library computers. On July 13, 2023, this Court issued a Judgment Entry denying the appellant's Motion for Leave to Appeal.

{¶9} On January 12, 2024, the appellant filed yet another Motion for Delayed Appeal with this Court in which he sought leave to file a delayed appeal based upon the fact that he had "no law libray [sic] access," and "[t]here is no time deadline for an appeal." This Court issued a Judgment Entry on January 29, 2024, which held that "[t]his Court has previously denied Appellant's request for delayed appeal of the January 29, 2020 entry in Licking County Case Number 23CA00054. Res judicata bars successive motions for delayed appeal. See *State v. Mackey,* 2024-Ohio-5372, (4th Dist. Scioto). Upon consideration, Appellant's motion is denied."

{¶10} On July 8, 2024, the appellant filed with the trial court a Motion to Withdraw Guilty Plea, as well as a Motion for Appointment of Counsel for Motion to Withdraw Guilty Plea, with the trial court. On August 22, 2024, the trial court issued a Decision and Order Denying Defendant's Motion to Withdraw Guilty Plea Post Sentence, finding that the appellant had failed to establish a manifest injustice warranting the withdrawal of his guilty plea, and denied the motion. On September 23, 2024, the appellant filed a Notice of

---

[1] The appellant filed documents with the trial court on this date as well.

Appeal from the trial court's August 22, 2024, judgment. In addition, the appellant filed a Motion for Appointment of Counsel, and a Praecipe for Court Recording and Transcript of the January 28, 2020, sentencing hearing, both of which were denied by the trial court on September 24, 2024.

{¶11} On October 22, 2024, the appellant filed a Notice of Appeal for Motion of Appointment of Counsel and Motion for Preparation of Transcripts, as well as another Motion for Appointment of Counsel and another Praecipe for Court Recording and Transcript of the January 28, 2020, Sentencing Hearing. On December 26, 2024, the appellant filed his Brief of Appellant in which he sets forth the following two assignments of error:

{¶12} "I. A SITUATION OF MANIFEST INJUSTICE EXISTS TO THE PREJUDICE OF THE DEFENDANT WHEN THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS PROTECTED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION BY DENYING APPELLANT APPOINTMENT OF COUNSEL."

{¶13} "II. A SITUATION OF MANIFEST INJUSTICE EXISTS TO THE PREJUDICE OF THE DEFENDANT WHEN THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS PROTECTED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION BY DENYING APPELLANT PREPARATION OF TRANSCRIPTS."

{¶14} The appellant submits that the "trial court should have appointed appellate counsel and ordered the preparation of transcripts for an Appellant in order to perfect an

appeal as of right, especially relating to the transcripts at sentencing, necessary for a post-sentence motion to withdraw guilty plea pursuant to Crim.R. 32.1." We disagree.

## ANALYSIS

{¶15} The appellant's assignments of error are interrelated, and as such we shall address them together.

{¶16} An appeal as of right is defined by App.R. 3(A), which states: "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. Appeals by leave of court shall be taken in the manner prescribed by Rule 5." As set forth above, the appellant failed to appeal within thirty days following the trial court's January 28, 2020, Judgment of Conviction and Sentence or the January 29, 2020, Nunc Pro Tunc - Judgment of Conviction and Sentence. As such, he failed to perfect his "appeal as of right," and therefore may appeal only by leave. The appellant's multiple efforts to appeal by leave were denied by this Court.

{¶17} In an effort to circumvent these adverse rulings, the appellant filed a Motion to Withdraw Guilty Plea. Crim.R. 32.1 states that: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; *but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea*." (Italics added.)

{¶18} This Court stated in *State v. Hutchison*, 2018-Ohio-200 (5th Dist.) that "[t]he standard upon which the trial court is to review a request for a change of plea after

sentence is whether there is a need to correct a manifest injustice." (Citation omitted.) *Id.* at ¶ 34. The *Hutchinson* Court went on to state:

> Our review of the trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. See *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). An appellate court may not substitute its judgment for that of the trial court when reviewing a matter pursuant to this standard. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). Furthermore, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire*, 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, 2010 WL 2297917, ¶ 60, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *Smith*, supra, 49 Ohio St.2d 261, 361 N.E.2d 1324 at paragraph one of the syllabus.

*Id.* at ¶35. The appellant's entitlement to the appointment of counsel thus turns on whether he has sufficiently established manifest injustice and the existence of extraordinary circumstances. He has not.

{¶19} Our brethren at the Tenth District Court of Appeals discussed manifest injustice in the context of a post-sentence motion to withdraw a guilty plea:

> "Manifest injustice" is defined as a " 'fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *State v. Lowe*, 10th Dist. No. 14AP-481,

2015-Ohio-382, 2015 WL 428061, ¶ 6, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, 2004 WL 2616430, ¶ 5. "It has also been defined as 'a clear or openly unjust act,' which exists only in extraordinary cases." *State v. Cottrell*, 8th Dist. No. 95053, 2010-Ohio-5254, 2010 WL 4254512, ¶ 15, citing *State v. Owens*, 8th Dist. No. 94152, 2010-Ohio-3881, 2010 WL 3279170, citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).

Accordingly, a post-sentence withdrawal of a guilty or no contest plea is permissible only in extraordinary cases under the manifest injustice standard. *State v. Honaker*, 10th Dist. No. 04AP-146, 2004-Ohio-6256, 2004 WL 2674624, ¶ 7, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59.

*State v. Enyart*, 2023-Ohio-3373, ¶¶ 17-18 (10th Dist.). The appellant has failed to establish a fundamental flaw in his representation such that a miscarriage of justice occurred. There has been no showing that the decision of the trial court was clear or openly unjust, nor is there evidence of manifest injustice or extraordinary circumstances present herein.

**{¶20}** Furthermore, the issue of appointment of counsel to represent an appellant in withdrawing a plea after sentence has been imposed was discussed by this Court in *State v. Dunlap*, 2016-Ohio-5197 (5th Dist.):

> . . . Ohio courts "have generally held that there is no absolute right to appointed counsel in pursuing a *postsentence* motion to withdraw a guilty plea." *State v. McNeal,* 8th Dist. Cuyahoga No. 82793, 2004–Ohio–50, ¶ 8 (emphasis added), citing *State v. Watts* (1989), 57 Ohio App.3d 32, 33, 565 N.E.2d 1282 (6th Dist.Lucas). Other Ohio courts "have suggested that counsel may be necessary if the judge determines that an evidentiary hearing is required [on a postsentence Crim.R. 32.1 motion]." *McNeal, supra,* citing *State v. Perry* (May 2, 1997), Trumbull App. No. 95–T–5315; *State v. Gibson,* Trumbull App. No.2001–T–0094, 2002–Ohio–3153, ¶ 31. But our research reveals no clear case law in Ohio justifying an unfettered extension of our holding in *Emerson* beyond presentence Crim.R. 32.1 motions. *See, also, State v. Potter,* 5th Dist. Stark No.1995CA00027, 1995 WL 768607.

*Id.* at ¶ 14. The appellant does not have an absolute right to appointed counsel in the pursuit of his post-sentence motion to withdraw guilty plea, and he has failed to provide sufficient evidence of extraordinary circumstances.

**{¶21}** The issue was discussed by this Court in the context of a motion for leave to file a motion for new trial in *State v. Smith*, 2019-Ohio-1339 (5th Dist.):

> Further, in *Pennsylvania v. Finely*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the Supreme Court of the United States held:

We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, see Johnson v. Avery, 393 U.S. 483, 488, 89 S.Ct. 747, 750, 21 L.Ed.2d 718 (1969), and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process. (Citations omitted.)

Appellant's motion was a collateral attack of his conviction. As such, the trial court was not required to provide counsel to appellant at the hearing on his motion for leave to file a motion for new trial.

Upon review, we find the trial court did not err in not providing appellant with counsel at the hearing.

*Id.* at ¶¶ 11-13. The appellant's post-sentence Motion to Withdraw Guilty Plea does not fall into the category of "first appeal of right" as that term is defined by the appellate rules and applicable case law. Thus, he does not have the right to appointed counsel for his Motion to Withdraw Guilty Plea. Nor did the trial court abuse its discretion when it denied the appellant's Motion to Withdraw, as the appellant has failed to establish a fundamental flaw in the proceedings which resulted in a miscarriage of justice or that is inconsistent

with the demands of due process. Accordingly, the appellant's first assignment of error is without merit, and is overruled.

**{¶22}** Furthermore, the appellant has appealed the denial of appointed counsel for purposes of his post-sentence motion to withdraw plea, and the trial court did not refer to the proceedings of January 28, 2020 in rendering its decision to deny that request. The appellant was therefore not entitled to preparation of a transcript of the January 28, 2020, hearing.

> Courts have long recognized that an indigent defendant has a constitutional right to a transcript at public expense for an appeal. *See State ex rel. Copeland v. Judges of Court of Appeals of Third Appellate Dist.*, 67 Ohio St.2d 1, 5 (1981); *Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956) (plurality opinion). However, this right is subject to certain limitations. For instance, the Supreme Court of Ohio has held that an indigent defendant's right is dependent upon having either (1) "a present appeal as of right from his [or her] conviction," or (2) "an actual appeal pending pursuant to the allowance of a motion for leave to appeal." (Citations omitted.) *State ex rel. Braxton v. Parrino*, 176 Ohio St. 318, 319 (1964).

*State v. Nagy*, 2019-Ohio-3058, ¶ 28 (11th Dist.). The appellant failed to file an appeal as of right from his conviction within thirty days from the January 28, 2020, sentencing hearing or January 29, 2020 Nunc Pro Tunc – Judgment of Conviction and Sentence, and he does not have an appeal pending pursuant to the allowance of a motion for leave to appeal. In fact, this Court has denied two motions for leave to appeal filed by the appellant. Accordingly, he has no right to a transcript of the January 28, 2020,

proceedings at public expense, the trial court did not err is so holding, and the appellant's second assignment of error is also without merit.

## CONCLUSION

{¶23} Based upon the foregoing, we hereby overrule the appellant's assignments of error numbers one and two, and affirm the decision of the Licking County Court of Common Pleas.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.