[Cite as *State v. Skally*, 2025-Ohio-1269.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Andrew J. King, J. |
| | Hon. David M. Gormley, J. |
| -vs- | |
| KAMERON SKALLY | Case No. 2024 CA 00082 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
Common Pleas, Case No. 2018-CR-
00830

JUDGMENT:                                   Affirmed

DATE OF JUDGMENT ENTRY:     April 10, 2025

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

JENNY WELLS                                  KAMERON SKALLY, INMATE #A769180
Licking County Prosecuting Attorney     Mansfield Correctional Institution
                                                        P.O. Box 788
KENNETH W. OSWALT, ESQ.           Mansfield, Ohio 44901
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Kameron Skally appeals the judgment entered by the Licking County Common Pleas Court overruling his motion to withdraw his guilty plea. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 7, 2018, Newark Police Department officers responded to a report of shots fired and a possible suicide in an apartment building in Newark, Ohio. Upon arriving, the officers found a deceased victim lying in bed with a gunshot wound to the left side of her neck, and an AR-15 assault rifle lying on her left side. A supposed "suicide note" had been sent via text to the victim's mother a few minutes before Appellant called 911. When interviewed by police, Appellant admitted he sent the "suicide note" to the victim's mother before shooting and killing the victim. He admitted he then called 911 to report a suicide.

**{¶3}** On November 15, 2018, Appellant was indicted by the Licking County Grand Jury with aggravated murder, murder, and tampering with evidence. The aggravated murder and murder charges were accompanied by firearm specifications.

**{¶4}** Appellant filed a motion for a competency evaluation. Following evaluation, the trial court found Appellant to be competent to stand trial. Appellant then filed a motion for leave to enter a plea of not guilty by reason of insanity. The trial court granted the motion, and ordered Appellant to submit to an evaluation by a forensic psychiatrist. The evaluation report found insufficient evidence to support a finding Appellant did not know the wrongfulness of the acts with which he was charged. Appellant requested an independent sanity evaluation, which was approved by the trial court.

{¶5} The parties entered into a plea agreement, pursuant to which Appellant entered a plea of guilty to aggravated murder with the firearm specification and tampering with evidence, and the charge of murder was dismissed by the State. The trial court convicted Appellant upon his pleas of guilty. Appellant argued for a sentence of twenty years to life in prison, with an additional three-year term of incarceration on the firearm specification, for an aggregate term of twenty-three years to life in prison. The State argued for a term of twenty-five years to life in prison, with an additional three-year prison sentence on the firearm specification, for an aggregate term of twenty-eight years to life in prison. The trial court sentenced appellant to twenty-five years to life in prison on the aggravated murder conviction and to three years of incarceration for tampering with evidence, to be served concurrently. The trial court sentenced Appellant to three years of incarceration on the firearm specification, for an aggregate term of incarceration of twenty-eight years to life.

{¶6} Appellant failed to appeal his conviction and sentence. Appellant filed a motion for leave to file a delayed appeal on two occasions. This Court overruled both of Appellant's motions for delayed appeal.

{¶7} Appellant filed a motion to withdraw his guilty plea on July 8, 2024. The trial court overruled Appellant's motion. It is from the August 22, 2024, judgment of the trial court overruling his motion to withdraw his plea Appellant prosecutes his appeal, assigning as error[1]:

---

[1] Appellant also filed a motion in the trial court seeking appointed counsel and preparation of transcripts at the State's expense to pursue the instant appeal. The trial court overruled the motion. This Court affirmed the judgment of the trial court in *State v. Skally,* 2025-Ohio-761 (5th Dist.).

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS' RIGHTS PROTECTED UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE I, SECTION 10 WHEN IT DENIED THE APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶8} Appellant argues the trial court erred in overruling his motion to withdraw his guilty plea. He argues his sentence of twenty-eight years to life in prison is unauthorized by statute, and he was not properly informed of the maximum sentence. He also argues his trial counsel was ineffective for allowing him to enter a guilty plea when his sentence was not authorized by statute, and by failing to move for a psychological evaluation. We disagree.

{¶9} Crim. R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶10} Res judicata bars a defendant from raising claims in a Crim. R. 32.1 post-sentence motion to withdraw a guilty plea which he raised or could have raised on direct appeal. *State v. Ketterer*, 2010-Ohio-3831, ¶ 59. In the instant case, Appellant's claims could have been raised on direct appeal. Therefore, we find his claims are barred by res judicata, and the trial court did not err in overruling his motion to withdraw his guilty plea.

**{¶11}** The assignment of error is overruled.  The judgment of the Licking County Common Pleas Court is affirmed.



By: Hoffman, P.J.

King, J. and

Gormley, J.  concur